USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   9/13/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN VILLAFANE, JR.,

              Plaintiff,

-against-

CITY OF NEW YORK,

              Defendant.

1:20-cv-07357-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

    This matter is before the Court on Plaintiff's re-filing of his First Amended Complaint on September 10, 2021, [ECF No. 45], and his subsequent letter requesting clarification on this Court's order issued September 10, 2021, [ECF No. 46].

    As background, Plaintiff's First Amended Complaint was filed on February 4, 2021. [*See* ECF No. 18]. Plaintiff filed the complaint in a manner so that the first page of the complaint was filed as the main document and then each subsequent page of the complaint was filed as exhibits to the main document. On February 5, 2021, a notice regarding deficient pleading was posted on the docket by the Clerk of the Court and Plaintiff was instructed to re-file the pleading with a properly attached PDF document. The notification advised Plaintiff that "the entire pleading, including attorney signature page must be uploaded as the main document." Plaintiff failed to re-file the amended complaint.

    During the initial conference for this matter on August 17, 2021, this Court ordered Plaintiff to re-file his First Amended Complaint on or before August 20, 2021 and informed plaintiff that failure to do so may result in dismissal of the case for failure to prosecute. [ECF No. 30]. On August 17, 2021, Plaintiff again filed a document purporting to be an amended complaint;

however, this document was filed in the same deficient manner as done on February 4, 2021. [ECF No. 32].

On August 31, 2021, Defendants requested guidance regarding the re-filed First Amended Complaint filed August 17, 2021. [ECF No. 38]. Defendants inquired as to whether the amended complaint filed on August 17th would be rejected as deficient or whether Defendant City of New York should respond to the amended complaint as filed on August 17th.

On September 10, 2021, this Court issued an order acknowledging that Plaintiff's filing was deficient and directing Plaintiff to re-file his First Amended Complaint "in full and as one document on or before September 17, 2021." [ECF No. 42]. This Court noted that failure to do so may result in the dismissal of the case for failure to prosecute. This Court also advised Plaintiff of the ECF Help Desk phone number should he have difficulty filing his complaint. On the same day, Plaintiff again re-filed his First Amended Complaint in the same deficient manner.

The Court has reviewed Plaintiff's re-filed First Amended Complaint filed on September 10, 2021. [ECF No. 45]. The Court notes that notwithstanding the deficiency notice issued by the Clerk's Office and this Court's orders to re-file the complaint as one integrated document, the complaint is filed in the same manner as done on February 4, 2021 and August 17, 2021. Without commenting on the merits of the purported claims, it does appear, however, that the separate documents filed on ECF collectively constitute a full complaint.

The Court has also received Plaintiff's letter dated September 12, 2021, [ECF No. 46], requesting clarification on whether the Court's order on September 10, 2021 supersedes the Case Management Plan filed on August 17, 2021, [ECF No. 31].

1. Plaintiff is hereby advised that he was granted an extension to file his First Amended Complaint due to his issues uploading the complaint to ECF. [*See* ECF

No. 42]. That order did not supersede the legal effect of the Civil Case Management Plan filed on August 17, 2021. [ECF No. 31].

2. IT IS HEREBY ORDERED that Defendants shall respond to the First Amended Complaint as filed on September 10, 2021. [*See* ECF No. 45]. Defendants shall respond on or before September 17, 2021.

Plaintiff is admonished that any future filings made on ECF must be contained in one integrated document and the signature must appear on that document. Failure to do so may result in future filings either not being considered or being deemed untimely if a proper submission is not made prior to an applicable deadline. Further, failure to follow the Court's instructions may result in sanctions, including sanctions on Counsel.

Plaintiff's counsel is further advised to review the U.S. District Court for the Southern District of New York Electronic Case Filing Rules & Instructions included on this Court's website. Further, once again, Plaintiff is advised that should he have difficulty filing future documents, he may contact the ECF Help Desk at (212) 805-0800.

**SO ORDERED.**

Date:  September 13, 2021   *Mary Kay Vyskocil*
       New York, NY   **MARY KAY VYSKOCIL**
                                      **United States District Judge**