```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/27/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN VILLAFANE, JR.,

                Plaintiff,

-against-

CITY OF NEW YORK et al.,

                Defendants.

1:20-cv-07357-MKV

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

---

MARY KAY VYSKOCIL, United States District Judge:

    Plaintiff Juan Villafane, Jr. brings this suit against the City of New York ("the City"), the New York Police Department ("NYPD"), and NYPD Officers John Katehis, Trevor R. Allen, Ariel Eusebio, Frederic Ortiz, and James Dennedy ("the Defendant Officers" or "the Officers"), alleging false arrest, excessive use of force, and state law battery. Both sides move for summary judgment. For the following reasons, the Court DENIES Plaintiff's motion for summary judgment and GRANTS Defendants' motion for summary judgment.

## BACKGROUND

    On January 13, 2020, the Honorable Cori Weston of the New York County Criminal Court issued a warrant to search 55 West 100 Street, Apartment 8H ("Apartment 8H"). Defendants' Statement of Undisputed Facts ¶ 1 [ECF No. 69] ("DSF"); Plaintiff's Statement of Disputed Material Facts A.I [ECF No. 71-2] ("SDMF"). Judge Weston determined that there was probable cause to believe that "certain property" including "crystal methamphetamine and diazepam, vials, caps, glassine envelopes, small ziplock-style bags, and other evidence of the possession and distribution of crystal methamphetamine and diazepam . . . may be found in [Apartment 8H] . . . and [on] the person of [Villafane]." Declaration of Inna Shapovalova ("Shapovalova Dec.")

Exhibit A [ECF No. 68-1] ("Ex. A"); DSF ¶ 2.[1]

The Defendant Officers executed the warrant several days later and recovered over 900 pills of diazepam,[2] 18 pills of oxycodone, and marijuana from the living room of Apartment 8H. DSF ¶¶ 5–7, 9; SDMF A.I, B.2; Shapovalova Dec. Exhibit C [ECF No. 68-3] ("Ex. C"); Exhibit D [ECF No. 68-4] ("Ex. D"); Plaintiff's Memorandum of Law in Support 6 [ECF No. 66-10].

At the time of the search, Villafane was the only occupant of Apartment 8H. DSF ¶ 14; SDMF A.I. The Defendant Officers found Villafane in a bed in the living room, handcuffed him, and removed him from the bed. DSF ¶¶ 14, 15; SDMF A.I, B.4. While he was being removed from the bed, Villafane hit his left foot against a dresser. DSF ¶ 17; SDMF A.I. At some point during the search, Villafane contends that an Officer placed a gun to his head. SDMF B.5; Defendants' Reply to Plaintiff's Response to Defendants' Statement of Undisputed Facts ¶ 16 [ECF No. 76-1].

Villafane was arrested for Criminal Possession of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Fifth Degree, Criminal Possession of a Controlled Substance in the Seventh Degree, and unlawful possession of marijuana. DSF

---

[1] Villafane purports to dispute this fact, asserting that "there did not exist probable cause" to issue the warrant. *See* SDMF B.1. Regardless of whether Villafane believes probable cause *actually* existed, this evidence does not controvert the fact that *Judge Weston* concluded there was probable cause, as evidence by the search warrant, the issuance of which Villafane does not dispute. This fact is therefore deemed admitted. *See* Local Civil Rule 56.1(c)–(d) ("Each numbered paragraph in the statement of material facts . . . will be deemed to be admitted for purposes of the motion unless specifically controverted" and "followed by citation to evidence which would be admissible."); *Ezagui v. City of New York*, 726 F. Supp. 2d 275, 285 n.8 (S.D.N.Y. 2010) ("[A]ny of the Plaintiff's Rule 56.1 Statements that Defendants do not *specifically* deny—with citations to supporting evidence—are deemed admitted for purposes of Plaintiff's summary judgment motion." (emphasis added)).

[2] Plaintiff appears to dispute the precise quantity of diazepam pills recovered, but does not dispute the quantity was over 900 pills. *See* SDMF B.2 (noting that the NYPD originally counted 976 diazepam pills but later counted 987); *see also* Shapovalova Dec. Exhibit H [ECF No. 68-8]. Regardless, Plaintiff does not dispute that over 900 diazepam pills were counted. *See* SDMF AI, B.2.

¶ 21; Ex. C.[3]  Following the arrest, Villafane was transported to Bellevue Hospital but refused examination. DSF ¶¶ 24–25; SDMF A.I.  The next day, Villafane visited his podiatrist for ongoing medical treatment in connection with an ulcer on Villafane's foot. DSF ¶ 26; SDMF A.I.  At that appointment, Villafane complained of "mild soreness under [his] left foot."  Shapovalova Dec. Exhibit M [ECF No. 68-13] ("Ex. M"); DSF ¶ 26; SDMF A.I.  All criminal charges were later dismissed after a motion to dismiss was granted.  DSF ¶ 23; SDMF A.I; Shapovalova Dec. Exhibit K [ECF No. 68-11] ("Ex. K").  Villafane filed his Complaint against the City, the NYPD, and the Defendant Officers, alleging causes of action under Section 1983 for false arrest, excessive force, and malicious prosecution, and a state law claim for battery.  *See* Complaint [ECF No. 3]. Villafane later filed an Amended Complaint, re-asserting the false arrest, excessive force, and battery claims, but omitting the malicious prosecution claim.  *See* Amended Complaint [ECF No. 45] ("Am. Compl.").  All Defendants answered the Amended Complaint.  *See* City Answer [ECF No. 48]; Allen, Eusebio, Ortiz Answer [ECF No 49]; Katehis Answer [ECF No. 50]; Dennedy Answer [ECF No. 52].

Now pending before the Court are the parties' cross-motions for summary judgment.  *See* Plaintiff's Motion for Summary Judgment [ECF No. 66] ("Pl. Mot."); Memorandum of Law in Support [ECF No. 66-10] ("Pl. Mem."); Defendant's Motion for Summary Judgment [ECF No. 67] ("Def. Mot."); Memorandum of Law in Support [ECF No. 70] ("Def. Mem.").  Both sides filed opposition briefs, *see* Memorandum of Law in Opposition [ECF No. 71-10] ("Pl. Opp."); Memorandum of Law in Opposition [ECF No. 72] ("Def. Opp."), and replies, *see* Reply Memorandum of Law [ECF No. 73] ("Pl. Reply"); Reply Memorandum of Law [ECF No. 76]

---

[3] Villafane neither admits nor denies these facts.  As such, the facts are deemed admitted.  *See* Local Civil Rule 56.1(c)–(d); *Ezagui*, 726 F. Supp. 2d at 285 n.8.  These facts are also contained in Villafane's criminal complaint. *See* Shapovalova Dec. Exhibit J [ECF No. 68-10].

("Def. Reply").

## LEGAL STANDARDS

To prevail on a motion for summary judgment, the movant must show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* The Court's role at this stage is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011).

The moving party bears the initial burden of demonstrating that it is entitled to judgment as a matter of law due to "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the burden of persuasion at trial would be on the non-moving party, the movant may satisfy its burden "by submitting evidence that negates an essential element of the non-moving party's claim" or "by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of [its] claim." *Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 114 (2d Cir. 2017) (quoting *Farid v. Smith*, 850 F.2d 917, 924 (2d Cir. 1988)). If the moving party satisfies its burden, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). But "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." *Flores v. United States*, 885 F.3d 119, 122 (2d Cir. 2018) (quoting *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996)).

When confronted with cross-motions for summary judgment, "the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Heublein, Inc. v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993) (quoting *Schwabenbauer v. Bd. of Educ. of Olean*, 667 F.2d 305, 314 (2d Cir. 1981)); *see also Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486–87 (2d Cir. 2014) ("When both sides have moved for summary judgment, the court must apply the [summary judgment] principles to each motion separately.  On each motion it must view the evidence in the light most favorable to the party against whom summary judgment is sought.").

## DISCUSSION

### I. There Was Probable Cause to Arrest Villafane

Villafane seeks summary judgment on his claim that he was falsely arrested in violation of Section 1983.  *See* Pl. Mot.; *see also* Am. Compl. ¶¶ 15–21.  Defendants seek summary judgment dismissing the false arrest claim.  *See* Def. Mot.

In analyzing a Section 1983 false arrest claim, courts look to the law of the state in which the arrest occurred.  *See Jaegly v. Couch*, 439 F.3d 149, 151–52 (2d Cir. 2006).  To state a false arrest claim in New York, Villafane must allege that "(1) the [Defendants] intended to confine him, (2) [Villafane] was conscious of the confinement, (3) [Villafane] did not consent to the confinement and (4) the confinement was not otherwise privileged." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir. 2012) (quoting *Broughton v. State of New York*, 37 N.Y.2d 451, 456, 373 N.Y.S.2d 87, 93, 335 N.E.2d 310, 314 (N.Y. 1975)).

Probable cause is a complete defense to a false arrest claim.  *See Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021); *Betts v. Shearman*, 751 F.3d 78, 82 (2d Cir. 2014).  Probable cause exists when an officer has "knowledge of, or reasonably trustworthy information as to, facts

5

and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been . . . committed by the person to be arrested." *Williams v. Town of Greenburgh,* 535 F.3d 71, 79 (2d Cir. 2008); *see also Ackerson*, 702 F.3d at 19.

There was plainly ample probable cause to arrest Villafane. While executing the search warrant at Apartment 8H, the Officers discovered controlled substances in the living room—the same room where Villafane was found in bed. Moreover, Villafane was the sole occupant of the apartment at the time of the search. This evidence provided the Officers with "facts and circumstances that [were] sufficient to warrant a . . . belief that an offense" had been committed by Villafane. *Williams,* 535 F.3d at 79.

Villafane does not dispute these facts or provide legal authority indicating that the evidence was insufficient to find probable cause. Instead, Villafane contends that Judge Weston improperly issued the search warrant and, therefore, that the evidence recovered in Apartment 8H constitutes "fruit of the poisonous tree" that may not support a finding of probable cause for his arrest. *See* Pl. Mem. 10–16 (citing *Wong Sun v. United States*, 371 U.S. 471, 488 (1963)). Specifically, Villafane contends that the warrant was issued "based on the inherently unreliable testimony of a confidential informant." Pl. Mem. 10 (emphasis omitted). This argument is improper. "The fruit of the poisonous tree doctrine is an evidentiary rule that operates in the context of *criminal* procedure" and may *not* "be invoked to support a § 1983 claim." *Townes v. City of New York*, 176 F.3d 138, 145 (2d Cir. 1999) (emphasis added). As a result, the *Wong Sun* doctrine cannot salvage the false arrest claim. *See Townes*, 176 F.3d at 148 ("Victims of unreasonable searches or seizures . . . cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution."); *Arroyo v. City of New York*, 683 F. App'x 73, 75 (2d Cir.

6

2017) ("The fact that the gun was later suppressed *does not* preclude a determination that there was arguable probable cause for the arrest." (emphasis added)).

On the undisputed facts, there can be no doubt that the Officers had probable cause to arrest Villafane. Accordingly, the Court grants Defendants' motion for summary judgment on the false arrest claim and denies Plaintiff's cross-motion.[4]

### II. Any Excessive Force Claim Is Insufficient Or Waived

Villafane next argues that the Officers used excessive force in arresting him and seeks summary judgment against Defendants on his claim. Pl. Mot.; *see also* Am. Compl. ¶¶ 22–25. Defendants seek summary judgment dismissing the excessive force claim. *See* Def. Mot.

The Fourth Amendment prohibits the use of excessive force by a police officer during arrest. *See Tracy v. Freshwater*, 623 F.3d 90, 96 (2d Cir. 2010) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The test for excessive force "is one of 'objective reasonableness.'" *Bryant v. City of New York*, 404 F.3d 128, 136 (2d Cir. 2005) (quoting *Graham*, 490 U.S. at 399). The "reasonableness question is whether the officers' actions were 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Mickle v. Morin*, 297 F.3d 114, 120 (2d Cir. 2002) (quoting *Graham*, 490 U.S. at 397). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396.

#### 1. *Threats of Force Do Not Constitute Excessive Force*

Villafane alleges that "a Glock gun was placed to his head" after the Officers entered Apartment 8H. Pl. Mem. 20. However, "[a] threat of force does not constitute excessive force."

---

[4] Because the false arrest claim fails, the Court need not reach the questions of: (i) whether the Officers are entitled to qualified immunity or (ii) whether Villafane has plausibly stated a *Monell* claim against the City.

*Mittelman v. Cnty. of Rockland*, No. 07-CV-6382 CM LMS, 2013 WL 1248623, at *13 (S.D.N.Y. Mar. 26, 2013).  Even accepting the allegation that a gun was placed to Villafane's head as true, that assertion is insufficient to state a claim for excessive force as a matter of law.  *See Dunkelberger v. Dunkelberger*, No. 14-CV-3877 KMK, 2015 WL 5730605, at *15 (S.D.N.Y. Sept. 30, 2015) ("[T]he vast majority of cases within the Second Circuit hold that merely drawing weapons when effectuating an arrest does not constitute excessive force as a matter of law.").

Villafane replies that "*any* force used to arrest [Villafane] . . . was excessive" under *Wong Sun* because the search "warrant was [issued] without probable cause."  Pl. Opp. 3 (emphasis added).  This argument fails because, as discussed above, *Wong Sun* "operates in the context of *criminal* procedure" and may not "be invoked to support a § 1983 claim."  *Townes*, 176 F.3d at 145 (emphasis added).

2. *Any Argument Regarding Injury to Villafane's Foot Is Waived Or De Minimis*

Villafane also testified at his deposition that the Officers "grabbed [him] through the arm and shoved [him] off the bed, and [that he] hit [his] foot with the dresser that was there." Shapovalova Dec. Exhibit B 47:24–48:1 [ECF No. 68-2] ("Ex. B").  But Villafane does not mention the force used by the Officers in removing him from the bed—or any purported foot injury—in his summary judgment briefing.  *See* Pl. Mem. 19–20; Pl. Opp. 8–9; Pl. Reply 7. Indeed, Villafane did not even address this argument *after* Defendants anticipated it in their Opening Brief.  *See* Def. Mem. 7–12.  Accordingly, any claim for excessive force predicated on the banging of Villafane's foot has been waived.  *See Tamar v. Mind C.T.I., Ltd.*, 723 F. Supp. 2d 546, 555 (S.D.N.Y. 2010) (An "argument [that] is not made in any of Plaintiff's papers" is deemed waived.).[5]

---

[5] The same is true of any other contention of excessive force.  For instance, Villafane suggested at his deposition that the Officers used excessive force by having him stand for "20 or 25 minutes" at the time of his arrest.

8

Even assuming, *arguendo*, that Villafane had raised this issue in any of the three briefs he submitted in connection with the pending summary judgment motions, "[a] successful excessive force claim requires sufficient evidence to establish that the alleged use of force was serious or harmful enough to be actionable." *Ferebee v. City of New York*, No. 15-CV-1868 (PAC), 2017 WL 2930587, at *8 (S.D.N.Y. July 6, 2017). "[A] *de minimis* use of force will rarely suffice to state a Constitutional claim," *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (citing *Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992)), and "[d]e minimis injury can serve as conclusive evidence that *de minimis* force was used," *Washpon v. Parr*, 561 F. Supp. 2d 394, 407 (S.D.N.Y. 2008).

Here, no reasonable trier of fact could determine that the Officers used excessive force in arresting Villafane. The undisputed facts show that Villafane "refused [an] exam" when transported to Bellevue Hospital immediately after his arrest. *See* Exhibit L [ECF No. 68-12]; DSF ¶¶ 24–25; SDMF A.I. The following day, Villafane visited his podiatrist in connection with *ongoing* treatment for a left foot ulcer and he only "complain[ed] of mild soreness under the left foot." Ex. M; DSF ¶ 26; SDMF A.I. This complaint is likely insufficient, as "[c]ourts in this Circuit have consistently held that an injury is *de minimis* when it is temporary and/or minor in severity." *Smith v. City of New York*, No. 04 CIV.3286 (TPG), 2010 WL 3397683, at *10 (S.D.N.Y. Aug. 27, 2010).

Further, no evidence in the record indicates that the Officers' purported use of force *caused* any claimed soreness in Villafane's foot. *See Walzer v. Town of Orangetown*, No. 13-CV-7971 CS, 2015 WL 1539956, at *10 (S.D.N.Y. Apr. 7, 2015) (granting motion to dismiss where "Plaintiff ha[d] not alleged that he suffered any injuries *as a result of* [the officer's] actions" (emphasis added)). Indeed, Villafane testified that his foot was hurting *before* the arrest because

---

Ex. B 51:19–25. But no such allegation was raised by Villafane in summary judgment briefing and, in any event, this does not constitute force, much less excessive force.

9

one of his left toes had recently been amputated.  *See* Ex. B 47:21–22; 65:16–66:7.  At most, then, Villafane suggests that the Officer's acts "caused some aggravation to [his] pre-existing injuries," but this "does not give rise to a constitutional violation."  *Prescott v. Riker Island Med. Staf.*, No. 09 CIV. 255 SAS, 2011 WL 1435218, at *6 (S.D.N.Y. Apr. 12, 2011).

The Officers did not use excessive force by allegedly placing a gun to Villafane's head.  Any other allegation of excessive force was waived by Villafane, and even if it were not, any claim predicated on such assertion would fail as a matter of law.  Thus, the Court grants summary judgment in favor of Defendants on the excessive force claim and denies Plaintiff's cross-motion.[6]

### III. Villafane May Not Raise New Claims in Summary Judgment Briefing

Villafane's summary judgment briefing discusses several new causes of action not pled in his Amended Complaint.  For instance, Villafane contends that he was maliciously prosecuted, *see* Pl. Mem. 16–19; Pl. Opp. 7–8; Pl. Reply 5, although this claim was not pled in the Amended Complaint.[7]  *See* Am. Compl.; *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original[] and renders it of no legal effect." (citation omitted)).  Villafane also argues, for the first time, that the search of his apartment was unlawful.[8]  *See* Pl. Mem. 10–13, 15–16; Pl. Opp. 4–7; Pl. Reply 2–7.

---

[6] Here too, because the excessive force claim fails, the Court need not reach the issues of qualified immunity or *Monell* liability.

[7] On this claim, Villafane appears to argue that he was maliciously prosecuted because the NYPD failed to maintain chain of custody regarding the drugs seized from Apartment 8H.  But Villafane's cited authority discusses when evidence is admissible against a *criminal* defendant, *see, e.g.*, *People v. Connelly*, 35 N.Y.2d 171, 174, 316 N.E.2d 706, 708 (N.Y. 1974)—*not* what suffices to state a malicious prosecution claim under Section 1983.

[8] Villafane offers several haphazard theories for why the apartment search was unlawful, including that the Officers exceeded the scope of the warrant by searching a safe, *see* Pl. Mem. 15–16, and that probable cause for the search warrant was lacking because the Officers "had actual knowledge that the confidential informant was a multi-pronged thief of both money and . . . narcotics," *see* Pl. Opp. 7.  Relatedly, Villafane asserts that the confidential informant "was so substantially interwoven into the day to day [sic] fabric of usual and customary police activity" that he or she "functioned as a de facto police officer" who "violated [Villafane's] Fourth Amendment reasonable expectation of privacy" by "repeatedly" buying drugs "inside the curtilage of" Apartment 8H.  Pl. Mem. 14.

These claims are not properly before the Court. Villafane did not plead a malicious prosecution or an unlawful search claim in the operative complaint, and he may not amend his Complaint through summary judgment briefing long after the close of discovery. *See Enzo Biochem, Inc. v. Amersham PLC*, 981 F. Supp. 2d 217, 223 (S.D.N.Y. 2013) (citing *Avillan v. Donahoe*, 483 F. App'x 637, 639 (2d Cir. 2012)); *Mail America Commc'ns, Inc. v. World Healing Ctr. Church, Inc.*, No. 18 CIV. 8481 (AKH), 2021 WL 1298925, at *3 (S.D.N.Y. Apr. 7, 2021). The Court therefore declines to consider Villafane's new theories of liability. Moreover, unlawful search allegations cannot support a Section 1983 claim because "[v]ictims of unreasonable searches or seizures . . . cannot be compensated [under Section 1983] for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution." *Townes*, 176 F.3d at 148. The Court therefore denies Plaintiff's motion for summary judgment with respect to any claims not raised in the Amended Complaint and grants Defendants' cross-motion.

### IV.   The Court Declines to Consider the State Law Battery Claim

Villafane also purports to assert a state law battery claim. For the reasons outlined above, the federal law claims are dismissed. The Court declines to exercise supplemental jurisdiction over the battery claim and does not consider its merits. *See* 28 U.S.C. § 1367(c)(3). The battery claim is therefore dismissed without prejudice to renewal in state court.

### **CONCLUSION**

For the above reasons, Plaintiff's motion for summary judgment is DENIED. Defendant's motion for summary judgment is GRANTED. The Clerk of Court is respectfully requested to terminate docket entries 66 and 67 and to close this case.

**SO ORDERED.**

**Date:  March 27, 2023**
**        New York, NY**

**MARY KAY VYSKOCIL**
**United States District Judge**