UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN VILLAFANE, JR.,

Plaintiff,

-against-

CITY OF NEW YORK, *et al.*,

Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/9/2023

1:20-cv-07357-MKV

**ORDER**

MARY KAY VYSKOCIL, United States District Judge:

On March 27, 2023, the Court denied Villafane's motion for summary judgment and granted Defendant's cross motion for summary judgment.  [ECF No. 77.]  On April 27, 2023, Villafane, proceeding *pro se*,[1] filed a motion for an extension of time to file a notice of appeal [ECF No. 82], a motion for leave to proceed *in forma pauperis* on appeal [ECF No. 83], and a notice of appeal [ECF No. 84].

Federal Rule of Appellate Procedure 4 requires that a notice of appeal must be filed "within 30 days after the entry of the judgment or order appealed from."  *See* Fed. R. App. P. 4(a)(1)(A). Rule 4 also provides, however, that this Court "*may* extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" *and* "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A) (emphasis added).

Here, Villafane filed his notice of appeal *after* the 30-day time limit set by Rule 4(a)(1)[2], but within the time limit set by Rule 4(a)(5)(A).  He therefore must demonstrate either "excusable neglect or good cause."  Villafane explains that he was unable to file a notice of appeal within the required period because he is "a sick person," has "lots of pain," and "fall[s] a lot."  [ECF No. 82.]

---

[1] Plaintiff was previously represented by counsel.  Indeed, Plaintiff's counsel of record has not moved to withdraw.

[2] The notice of appeal was filed 31 days after entry of this Court's judgment.

Given Villafane's *pro se* status, apparent sicknesses, and the fact that his filing was only one day late, this Court GRANTS the motion for extension of time to file a notice of appeal.

With respect to Villafane's motion for leave to proceed *in forma pauperis* on appeal, Federal Rule of Appellate Procedure 24(a)(1) states that any such motion "*must* attach an affidavit that: (A) shows . . . the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." Fed. R. App. Pro. 24(a)(1) (emphasis added). "The determination of whether an applicant qualifies for *in forma pauperis* status on appeal is within the discretion of the district court." *Nigel Fredricks v. Doe*, No. 20 CIV. 5738 (AT), 2020 WL 8513505, at \*1 (S.D.N.Y. Dec. 2, 2020). Villafane's motion does not "state[] the issues that the party intends to present on appeal." Instead, Villafane's handwritten response under the section titled "My issues on appeal" is illegible and indecipherable to the Court. Accordingly, the Court cannot conclude that Rule 24(a)(1) is satisfied. *See Nigel Fredricks*, 2020 WL 8513505, at \*2 (denying leave to proceed *in forma pauperis* where the plaintiff did "not identify the relevant facts or entitlement to redress, or provide an adequate basis for the Court to evaluate what [the p]laintiff intend[ed] to challenge on appeal").

## CONCLUSION

For these reasons, the motion for an extension of time to file a notice of appeal is GRANTED. The motion for leave to proceed *in forma pauperis* on appeal is DENIED.

The Clerk of Court is respectfully requested to terminate docket entries 82 and 83.

**SO ORDERED.**

**Date:  May 9, 2023**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**